UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOSE A. ORTIZ,

        Petitioner,

vs.                            Case No. 3:09-cv-563-J-12TEM

WALTER A. MCNEIL, et al.,

        Respondents.

_____

### ORDER

### I. Status

      Petitioner initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 16, 2009, pursuant the mailbox rule. It challenges a 2003 state court (Duval County) conviction for burglary of a dwelling on seven grounds. Respondents filed an Answer in Response to Order to Show Cause (Doc. #9) (hereinafter Response) with Exhibits (Doc. #10).[1] Petitioner filed a Reply to Respondents' Answer to Petition for Writ of Habeas Corpus (Doc. #11). See Order (Doc. #8).

_____

[1] The Court hereinafter refers to the Exhibits as "Ex."

## II.  Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court.  Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999).  No evidentiary proceedings are required in this Court.  See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).   The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## III.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).
>
> As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:
>
> > A state court decision is an unreasonable application of clearly

- 2 -

> established law if the state court
> unreasonably extends or fails to
> extend a clearly established legal
> principle to a new context. An
> application of federal law cannot be
> considered unreasonable merely
> because it is, in our judgment,
> incorrect or erroneous; a state
> court decision must also be
> unreasonable. Questions of law and
> mixed questions of law and fact are
> reviewed *de novo*, as is the district
> court's conclusion regarding the
> reasonableness of the state court's
> application of federal law.

> Jennings v. McDonough, 490 F.3d 1230, 1236
> (11th Cir. 2007) (quotation marks and
> citations omitted). In sum, "a federal habeas
> court making the 'unreasonable application'
> inquiry should ask whether the state court's
> application of clearly established federal law
> was objectively unreasonable." Williams, 529
> U.S. at 409, 120 S.Ct. at 1521. Finally, 28
> U.S.C. § 2254(e)(1) commands that for a writ
> to issue because the state court made an
> "unreasonable determination of the facts," the
> petitioner must rebut "the presumption of
> correctness [of a state court's factual
> findings] by clear and convincing evidence."[2]
> 28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010), petition for

cert. filed, 79 USLW 3128 (U.S. Aug. 25, 2010) (No. 10-288).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

---

² This presumption of correctness applies equally to factual
determinations made by state trial and appellate courts." Bui v.
Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted)
(citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

- 3 -

review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts,[3] they must be evaluated under § 2254(d).

## IV.  Timeliness

Respondents calculate that the Petition is timely filed. Response at 5. The Court accepts this calculation.

## V.  Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of trial counsel. "The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit has captured the essence of an ineffectiveness claim:

---

[3] The Court's evaluation is limited to examining whether the highest state court's resolution of the claim is contrary to, or an unreasonable application of, clearly established law, as set forth by the United States Supreme Court. See Newland v. Hall, 527 F.3d 1162, 1199 (11th Cir. 2008), cert. denied, 129 S.Ct. 1336 (2009).

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. <u>Id</u>. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694, 104 S.Ct. at 2068.

<u>Gaskin v. Sec'y, Dep't of Corr.</u>, 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" <u>Van Poyck v. Fla. Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

In order to succeed on an ineffective assistance of trial counsel claim concerning a guilty plea, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness; and, (2) a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. <u>See</u> <u>Hill v. Lockhart</u>,

474 U.S. 52, 57-59 (1985) (extending the test adopted in <u>Strickland</u> to cases involving guilty pleas).

Ineffective assistance of counsel may also require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension.  <u>See</u> <u>id</u>. at 56 (quoting <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

> "A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970)); <u>see</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370-71, 88 L.Ed.2d 203 (1985) (holding that, in the plea context, a habeas petitioner establishes ineffective assistance of counsel by demonstrating that counsel's advice and performance fell below an objective standard of reasonableness, based upon which he pled guilty).   For a guilty plea to "represent an informed choice" so that it is constitutionally "knowing and voluntary," the "[c]ounsel must be familiar with the facts and the law in order to advise the defendant of the options available." <u>Scott v. Wainwright</u>, 698 F.2d 427, 429 (11th Cir. 1983).   "The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the <u>Strickland</u> analysis . . . as such an omission cannot be said to fall within 'the wide range of professionally competent assistance' demanded by the Sixth Amendment." <u>Hill</u>, 474 U.S. at 62, 106 S.Ct. at 372 (White, J., concurring)  (quoting  <u>Strickland  v.</u>

<u>Washington</u>, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984)).

<u>Finch v. Vaughn</u>, 67 F.3d 909, 916 (11th Cir. 1995).

### VI.  Ground One

In his first ground, Petitioner asserts that his plea was involuntary due to his counsel coercing him to plead guilty without allowing an opportunity for a proper *Nelson*[4] inquiry, which was in order due to a personality conflict between Petitioner and his counsel.  This ground was raised in a Rule 3.850 motion in the state circuit court.  Ex. J at 1-25, 8-9.[5]  The state responded. <u>Id</u>. at 46-51.

The court, in its Order Denying Defendant's Motions for Post-Conviction Relief, said:

> In Ground One of the Defendant's original motion, he contends that his court-appointed counsel at the trial level (Assistant Public Defender Joseph DeBelder, Jacksonville, Florida) "coerced the Defendant into a guilty plea without allowing an opportunity for a proper Nelson inquiry."  A review of the transcript from September 2, 2003, conclusively refutes the Defendant's claim. On the day of jury selection, with a jury panel standing by, the Defendant, after an opportunity to confer with counsel, decided to plead guilty and responded to an extensively thorough plea colloquy.  Had the defendant still desired to "fire" his attorney, he had ample opportunity to renew his request with

---

[4] <u>Nelson v. State</u>, 274 So.2d 256 (Fla. 4th DCA 1973).

[5] Petitioner also filed an Amended Motion for Post Conviction Relief, which the trial court construed as containing additional grounds, and directed the state to respond to those grounds as well.  Ex. J at 26-43, 44.  The state responded.  <u>Id</u>. at 46-51.

> the Court, during the plea colloquy, and
> declined to do so.  *See* September 2, 2003,
> Transcript (Exhibit "A").

Id. at 59-60.

Attached to the Court's opinion is the transcript of the plea proceeding.  Id. at 65-95.  The Plea of Guilty form was discussed. Id. at 73-74.  The plea form was signed by Petitioner, his counsel, the Assistant State Attorney, and the trial judge on September 2, 2003.  Ex. F.  Petitioner pled straight up to the court.  Ex. J at 78-79.  He was specifically asked whether anybody had threatened, coerced or intimidated him to get him to enter his plea of guilty. Id. at 83.  He responded in the negative.  Id.  Petitioner stated that his counsel explained the plea form and read it to him.  Id. at 83-84.   He also confirmed that his counsel answered his questions and discussed possible defenses to the charge.  Id. at 84.  Petitioner expressed satisfaction with his counsel.  Id.

As for the alleged personality conflict and failure of counsel to notify the court of such, the record reflects that Mr. DeBelder did bring to the court's attention that Petitioner did not wish to proceed to trial with him as defense counsel.  Id. at 68. Petitioner told the court:

> And to the best of my knowledge, as I see
> it, you know, I have a good chance, but I just
> don't feel confident from the outset. He just
> hadn't -- you know, it's not -- I don't know
> if it's a personality conflict. I don't know
> what it is, Your Honor.  Just don't know.
> Don't --

Id. at 70.  The court responded:

> I know it's hard when you're sitting over
> there in jail and you don't see your attorney
> everyday, it's hard to get confidence in
> what's going on, but I assure you Mr. Debelder
> [sic] has been working on your case and he's
> an extremely competent attorney and he'll do a
> good job for you.

Id.

The decision of the trial court with respect to this ground
was affirmed by the First District Court of Appeal.  Ex. O.   The
mandate issued on December 11, 2007.   Ex. P.

The decisions of the trial court and the First District Court
of Appeal are entitled to AEDPA deference.   The adjudications of
the state trial and appellate courts resulted in decisions that
involved a reasonable application of clearly established federal
law, as determined by the United States Supreme Court.   Therefore,
Petitioner is not entitled to relief on ground one because the
state courts' decisions were not contrary to clearly established
federal law, did not involve an unreasonable application of clearly
established federal law, and were not based on an unreasonable
determination of the facts.

As noted by Respondents whether or not there was a *Nelson*
inquiry is a state law claim:

> Petitioner's    claim    concerning    the
> adequacy of a *Nelson* hearing may be disposed
> of summarily. <u>Nelson v. State</u>, 274 So.2d 256
> (Fla. 4th Dist.Ct.App.1973). *Nelson* held that
> in order to protect an indigent defendant's
> right to the effective assistance of appointed
> counsel, where it appears that the defendant
> wishes to discharge his attorney, the trial
> court should make an inquiry as to the reason

for the request to discharge. 274 So.2d at 258. If incompetency of counsel is the reason, the court must inquire further to see if effective assistance of counsel is being rendered. Id. at 259. The ultimate purpose of the inquiry is to determine whether there is sufficient justification to discharge the first lawyer and appoint a second. Id.

Respondent contends that whether the trial court performed a proper *Nelson* inquiry is an issue of state law and provides no basis for federal habeas relief. Respondent is correct. Federal habeas relief is not available to reexamine state decisions on its own procedural rules. Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Wallace v. Turner, 695 F.2d 545, 548 (11th Cir.1983) (procedural rule); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir.1989) (sentencing guidelines); Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir.1987) (jury instruction). Moreover, even if the trial court violated the *Nelson* rule, a violation of a state rule of procedure or of a state law is not itself a violation of the federal constitution. Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982). No case has been cited for the proposition that the federal constitution mandates the *Nelson* procedure, and this court has found none. It must be concluded, as argued by respondent, that this is purely an issue of state law not cognizable in this court.

Mosley v. Crosby, No. 5:04-CV-233-SPM, 2006 WL 5201354, at *6 (N.D. Fla. Mar. 12, 2006). Indeed, "[t]his Court cannot make a determination regarding whether the Florida court properly abided by Florida law and conducted a proper hearing regarding Petitioner's request to discharge counsel." Scott v. Sec'y, Dep't of Corr., No. 6:09-cv-478-Orl-18KRS, 2010 WL 4116559, at *6 (M.D. Fla. Oct. 18, 2010) (citations omitted).

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).

Any complaint about the lack of a proper *Nelson* inquiry raises an issue of state law that is not cognizable in this proceeding. This claim cannot provide a basis for federal habeas corpus relief.

Additionally, Petitioner failed to present anything to the trial court sufficient to constitute a showing of ineffective assistance of counsel. "Personality conflicts are not conflicts of interest[,]" Hale v. Gibson, 227 F.3d 1298, 1313 (10th Cir. 2000) (citing Morris v. Slappy, 461 U.S. 1, 13 (1983)), cert. denied, 533 U.S. 957 (2001), and do not constitute, in and of themselves, ineffectiveness. "The legal question of 'ineffective assistance' focuses, not upon client expressions of satisfaction or confidence, but upon counsel's performance." United States v. Porter, 924 F.2d 395, 398 (1st Cir. 1991). See Owsley v. Bowersox, 234 F.3d 1055, 1057 (8th Cir. 2000) (finding no Supreme Court holding justifying the position that a personality conflict with counsel is a conflict of interest), cert. denied, 534 U.S. 903 (2001). This claim of ineffectiveness raised in ground one has no merit.

## VII. Ground Two

In his second ground, a claim of ineffective assistance of counsel is raised, claiming counsel was ineffective for failure to investigate and advise Petitioner of any available defenses, rendering the plea involuntary and unknowingly entered. Specifically, Petitioner complains that counsel should have investigated the fact that Petitioner had previously been found incompetent in a criminal prosecution, and should have advised him of the availability of the insanity defense. This claim was presented in ground two of the Rule 3.850 motion. Ex. J at 10-12. The trial court rejected this claim, stating:

- 12 -

> In Ground Two of the Defendant's original motion, he contends that his counsel was ineffective for failure to put forth an insanity defense. The Defendant's mental evaluation report prepared by Doctor Ernest C. Miller, M.D. was submitted by the Defense and placed in the record during the pendency of the proceedings. The examination report (Exhibit "B") is attached to this Order, and it conclusively refutes that any insanity defense existed.

Ex. J at 60. The report from Dr. Miller, dated August 26, 2003, finds Petitioner competent to proceed. Id. at 99. Additionally, Dr. Miller found "it would be difficult for me to join in support of an insanity defense . . . ." Id.

The decision of the trial court was affirmed on appeal. Ex. O. This ruling is entitled to AEDPA deference. Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of ground two of the Petition.

## VIII.  Ground Three

In his third ground, it is asserted that counsel was ineffective because he failed to ensure a proper, unbiased mental evaluation was conducted (a second expert), resulting in an involuntary plea of guilty. This issue was raised as the third

- 13 -

ground of the Rule 3.850 motion.   Ex. J at 13-14.   The First District Court of Appeal reversed and remanded the trial court's summary decision on this ground, finding the trial court could either conduct an evidentiary hearing or again enter summary denial and attach portions of the record conclusively refuting the allegations.   Ex. O.

On remand, the trial court appointed counsel.   Ex. R at 143-44.   Two competency evaluations were ordered.   Id. at 145-46, 149-50.   Stephen I. Bloomfield, Ed.D., a licensed psychologist, submitted a letter to the court, dated June 5, 2008.   Ex. R at 177-83.   This expert found Petitioner competent to proceed and likely competent to proceed at the time he entered the plea.   Id.   A supplemental letter, dated July 2, 2008, was provided to the court addressing competence at the time of his initial trial.   Id. at 184-85. Mr. Bloomfield concluded Petitioner seemed to be competent at the time of his initial trial.   Id.   Ernest C. Miller, M.D., conducted a psychiatric re-examination of Petitioner and concluded in his July 14, 2008, report that Petitioner "merited adjudication of competence to proceed September 2, 2003[.]"   Id. at 174.   He did, however, find Petitioner "probably meets the criteria for being adjudicated incompetent and meets the criteria for being sent to the state hospital forthwith."   Id. at 175.   A brief proceeding followed on July 29, 2008, and the trial court decided to deny the three grounds remanded from the First District Court of Appeal and attach Dr. Miller's report to the order.   Id. at 196-201.

- 14 -

Attaching the reports of Dr. Miller and Mr. Bloomfield, the trial court denied ground three. Id. at 170-71. The First District Court of Appeal affirmed per curiam. Ex. U. The mandate issued on June 9, 2009. Ex. V.

The decisions of the trial court and the First District Court of Appeal are entitled to AEDPA deference. The adjudications of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground three because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts.

Petitioner has not established prejudice on the basis of counsel's failure to seek a second expert opinion as both experts ultimately found Petitioner to be competent at the time of the first trial.[6] Thus, it follows, that Petitioner was apparently competent to make a decision as to whether to plead guilty or not guilty at that time. Petitioner has not established the prejudice prong of the Strickland standard, and he is not entitled to habeas relief on this ground.

---

[6] Of course, Dr. Miller had found Petitioner competent to proceed prior to the plea proceedings.

- 15 -

## IX.   Ground Four

In his fourth ground, Petitioner asserts that he entered an involuntary plea, based on a well-founded fear that his counsel was unprepared for trial.  This claim was raised in ground four of the Rule 3.850 motion.  Ex. J at 15-16.  The trial court rejected the fourth ground, stating:

> In Ground Four of the Defendant's original motion, he contends that his plea was involuntary because he feared his Defense Counsel would be unprepared for trial. However, the Defendant points to nothing that shows Mr. DeBelder was unprepared to defend the case at trial.  The Defendant's repeated assertions that his counsel "refused to decline from the case" are meaningless: the Defendant could not, and did not, point to a single matter that would warrant dismissal of Mr. DeBelder as his counsel.  The attorney-client relationship had not been "severed," as the Defendant asserts.  The Defendant's predicament flowed from the factual basis for his plea:  that he had been caught in the victim's house by law enforcement officers responding to the burglary call.  After he fled the residence and was caught shortly thereafter, he still had some of the victim's property in his actual possession.  Under these circumstances, the range of available defenses shrinks substantially.  The Defendant's allegation is not sufficiently pled, and is legally insufficient on its face.

Id. at 61.  This decision was affirmed by the First District Court of Appeal.  Ex. O.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based

- 16 -

on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of ground four of the Petition.

## X.  Ground Five

Petitioner complains, in his fifth ground, that neither the court nor defense counsel advised him that there was a possibility of the sentence running consecutively with the sentence for a violation of control release. This issue was raised in ground five of the post conviction motion. Ex. J at 17-18.  The trial court addressed this ground and held:

> In Ground Five of the Defendant's original motion, he contends that his court-appointed counsel (and the Court) failed to advise him of the possibility that his sentence might run consecutively to a sentence imposed for violation of his controlled release status from his prior prison sentence. This matter is clearly a collateral consequence, and cannot form the basis for a valid claim of ineffective assistance. The Defendant also raises, for the first time, the supposed need for an interpreter. The thoroughness of the plea inquiry, and the great extent to which the Defendant provided information and substantive responses during both the plea (Exhibit "A") and the sentence Transcript of October 14, 2003, (Exhibit "C"), refute his assertions. Additionally, the mental evaluation report (Exhibit "B"), reflects absolutely no communication or language difficulty. The Defendant's fifth allegation is conclusively refuted by the record.

Id. at 61-62.

- 17 -

This decision was affirmed by the appellate court. Ex. O. Thus, there are qualifying state court decisions and AEDPA deference is warranted. Simply, deference should be applied to the decisions of the state courts. The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground five of the Petition because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts.

Indeed, "the consecutive nature of a sentence is a collateral consequence of the plea, and the failure to warn of its possible imposition does not render a plea involuntary." Yeager v. Crosby, No. 6:03CV1046ORL-18JGG, 2006 WL 1641914, at *7 n.2 (M.D. Fla. June 8, 2006). See Perkis v. Sirmons, 201 Fed.Appx. 648, 652 (10th Cir. 2006) (addressing the fact that a defendant need not understand every collateral consequence of a plea, including the possibility that sentences may be imposed consecutively, as opposed to concurrently), cert. denied, 550 U.S. 921 (2007). Petitioner is not entitled to habeas relief on the fifth ground.

## XI.  Ground Six

In his sixth ground,[7] Petitioner claims his plea was involuntary because he was incompetent to enter it.  The issue was raised as ground six of the Rule 3.850 motion.  Ex. J at 19-20. The trial court denied this ground.  Id. at 62.  The First District Court of Appeal reversed and remanded the decision of the trial court as to this ground.  Ex. O.  Attaching the reports of Dr. Miller and Mr. Bloomfield, the trial court denied ground six.  Ex. R at 170.  The appellate court affirmed per curiam.  Ex. U.

Petitioner is not entitled to relief on ground six of the Petition because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## XII.  Ground Seven

In his final ground, Petitioner complains his counsel was ineffective for failure to object to the inconsistencies in the Pre-sentence Investigation Report.  This was raised in ground seven of the amended post conviction motion.  Ex. J at 33-36.  The trial court denied this claim:

---

[7] Although Petitioner labels this claim an ineffective assistance of counsel claim in the Petition, an involuntary plea claim is actually raised in the body of the claim, and the claim exhausted in the state courts was an involuntary plea claim.  Ex. J at 19-20.  Therefore, this Court will address the claim as an involuntary plea claim.

- 19 -

> In what is denominated as Ground Seven of the Defendant's "Amended" motion, he contends that his court-appointed counsel was ineffective by failing to object to inconsistencies in the Pre-sentence Investigation Report. The sentencing transcript (Exhibit "C") refutes his allegations. The Court stated it disregarded any information where the disposition of an alleged arrest was not provided. The Defendant did testify as to his upbringing and his relationship with his mother. Regardless of the circumstances of his Escape conviction, it was reflected as an Escape conviction, and not as a "breach of contract." Defense counsel is not required to make arguments that are unfounded or specious. The rationale for the Court's sentence is amply demonstrated in the transcript, and the Defendant was effectively represented.

Ex. J at 63. The appellate court affirmed this decision. Ex. O.

Upon a thorough review of the record and the applicable law, the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of ground seven of the Petition.

## XIII. Certificate of Appealability

If Petitioner appeals the denial of the Petition, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a

- 20 -

certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

- 21 -

1.    The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The **Clerk of the Court** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this $1ST.$ day of December, 2010.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 11/30
c:
Jose A. Ortiz
Ass't A.G. (Heller)